# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| IVAN EMILIO PACHECO APARICIO, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | |
| v. ) | Case No. 1:25-cv-1785 (PTG/WBP) |
| ) | |
| JOSEPH SIMON, *et al.,* ) | |
| ) | |
| *Respondents.* ) | |

## ORDER

This matter comes before the Court on Petitioner Ivan Emilio Pacheco Aparicio's Petition for Writ of Habeas Corpus. Dkt. 1. According to the Petition, Mr. Pacheco Aparicio is a citizen of Mexico who has resided in the United States for twenty-two years as a beneficiary of an approved Form I-130 filed by his father. *Id.* ¶ 1. On or around May 22, 2025, Department of Homeland Security ("DHS") agents allegedly arrested Petitioner during an immigration probation check-in and detained him at the Farmville Detention Center in Farmville, Virginia, which is within the Court's jurisdiction. *Id.* ¶¶ 2, 45. Subsequently, an immigration judge ("IJ") conducted a bond hearing and ordered Petitioner's release with a $5,000 bond. *Id.* ¶ 49. DHS appealed the bond decision, which automatically stayed the IJ's determination under 8 C.F.R. § 1003.19(i)(2) ("automatic stay provision"). Dkt. 1-2 at 24.

Petitioner now brings suit against Joseph Simon, Director of the Washington Field Office of Immigration and Customs Enforcement's Enforcement and Removal Operations division, and several others, contending that his prolonged detention violates his constitutional rights. Respondents aver that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). Dkt. 4 at 5. Upon consideration of the Petition (Dkt. 1) and Respondents' Opposition (Dkt. 4), the Court

grants Mr. Pacheco Aparicio's Petition and requires Respondents to immediately release him from custody.

For the reasons stated in *Hasan v. Crawford*, the Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). No. 1:25-cv-1408, 2025 WL 2682255, at *6-9 (E.D. Va. Sept. 19, 2025). Indeed, courts have repeatedly rejected Respondents' assertion. *See, e.g., Hasan*, 2025 WL 2682255, at *6-9; *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). Instead, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)). As the IJ properly determined, because Petitioner has continuously resided in the United States for over two decades and poses neither a danger to the community or a flight risk, release on bond under § 1226(a) is warranted.

The Court further concludes that Respondents' invocation of the automatic stay violates Mr. Pacheco Aparicio's constitutional due process rights. The Court's opinion *Diaz Garcia v. Noem, et al.* provided a fulsome explanation of the automatic stay provision. *See* No. 1:25-cv-1712, 2025 WL 3111223, at *3-4 (E.D. Va. Nov. 6, 2025). Here, as with *Diaz Garcia*, Respondents provide no special justification to deny Petitioner release on bond. *Hasan*, 2025 WL 2682255, at *10; *Quispe-Ardiles*, 2025 WL 2783800, at *8. Furthermore, "[a]ny interest that the federal respondents may have in securing [Mr. Pacheco Aparicio's] presence at immigration proceedings has been accounted for by the IJ's imposition of bond." *Hasan*, 2025 WL 2682255, at *10. Accordingly, Respondents' actions violate Petitioner's substantive due process rights.

Furthermore, the *Mathews v. Eldridge* factors for procedural due process weigh heavily in Petitioner's favor. 424 U.S. 319, 335 (1976). First, Petitioner "claim[s] a significant private interest in being free from the physical detention that the IJ found inappropriate." *Hasan*, 2025 WL 2682255, at *10. Second, the "invocation of the automatic stay fails to account for any individualized facts" and "creates a substantial risk of erroneous deprivation of [Mr. Pacheco Aparicio's] interest in being free from arbitrary confinement." *Id.* at *12. The regulation "allows the government to bypass its burden of proof at bond hearings and usurp the role of the Immigration Judge." *Quispe-Ardiles*, 2025 WL 2783800, at *9 (quoting *Sampiao v. Hyde*, 2025 WL 2607924, at *7-8, 11 (D. Mass. Sept. 9, 2025)). Third, "there is an extremely compelling public interest in protecting the fundamental principles of due process. In essence, the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process. It is, in effect, no process at all." *Hasan*, 2025 WL 2682255, at *11. Therefore, Respondents' actions also violate Petitioner's procedural due process rights.

For the stated reasons, the Court will grant Mr. Pacheco Aparicio's Petition. Contrary to Respondents' request, no new bond hearing is required in light of the IJ's earlier bond determination. Dkt. 4 at 23. Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner Ivan Emilio Pacheco Aparicio be released from custody no later than 4:00 p.m. on November 21, 2025, with all his personal property, once the $5,000 bond set by the Immigration Judge has been posted; it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing; and it is further

**ORDERED** that Respondents file a notice with the Court confirming Petitioner's release within twenty-four (24) hours of his release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Memorandum Opinion and Order to counsel of record, and close this civil action.

Entered this 20th day of November, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge